## MRS. THOMAS GATHRIGHT V. PACIFIC EXPRESS COMPANY.

### No. 2213.   Decided April 17, 1912.

**1.—Contract—Carrier—Shipment of Corpse.**

The evidence considered is held not to show a contract by an express company, upon a guaranty of repayment by a third party, to advance the undertakers' charges for the purpose of obtaining possession of the corpse of plaintiff's husband, and to ship same to her subject to payment of such charges on delivery at destination. (Pp. 159, 160.)

**2.—Carrier—Agency.**

The local agent of a carrier has not authority, as such, to make a contract to ship from another point to the one for which he is agent. His authority is confined to business at his station. Missouri, K. & T. Ry. Co. v. Belcher, 88 Texas, 549, followed. (P. 160.)

**3.—Same.**

The local agent of a carrier (express company) had no authority, as such, to bind the company by an agreement to advance to undertakers their charges, for the purpose of getting possession of a corpse, and to ship it to the point where burial was desired, subject to such charges C. O. D., though a third party agreed to guaranty the payment. (P. 160.)

Error to the Court of Civil Appeals, Sixth District, in an appeal from Tarrant County.

Mrs. Gathright sued the express company and had judgment. On defendant's appeal the judgment was reversed and cause remanded (61 Texas Civ. App., 587). Appellee, plaintiff, obtained writ of error on the ground that the rulings on appeal settled the case.

*Goree & Turner,* and *Slay, Simon & Wynn,* for plaintiff in error.— The transportation of bodies of deceased persons being within the

scope of the business of appellant, it was a part of the duties of its local agents at El Paso and Fort Worth to make contracts for, and to do whatever was necessary, proper or usual, to secure such shipments, and appellee was not charged with notice of any special limitations imposed by appellant upon such agents, unless it be shown that she had notice of same at the time the contract was made, and since there was no proof that she had such notice, it was not error to exclude the rule. Easton v. Dudley, 78 Texas, 236; G. C. & S. F. Ry. Co. v. Jackson, 99 Texas, 347; Hull v. East Line Ry. Co., 2 S. W., 831, 66 Texas, 619; 2 White & W. C. C., secs. 526-530; S. A. & A. P. Ry. Co. v. Timmon, 45 Texas Civ. App., 47; Southwestern Tel. & Tel. Co., v. Dale, 27 S. W., 1050; G. C. & S. F. Ry. Co. v. House, 88 S. W., 1110, 40 Texas Civ. App., 105; G. C. & S. F. Ry. Co. v. Hume, 87 Texas, 211; I. & G. N. Ry. Co. v. True, 57 S. W., 977, 23 Texas Civ. App., 523; Hutchinson on Carriers, (2nd ed.), sec. 267, 269, pp. 312-314, and p. 17, sec. 24.

The fact that the undertakers refused to permit the body to be moved was a condition arising subsequent to the making of the contract by the express company, and should have been communicated to Mrs. Gathright so that she might have opportunity to pay or guaranty them. Anderson v. Western U. Tel. Co., 84 Texas, 20; Evans v. Western U. Tel. Co., 56 S. W., 109; Western U. Tel. Co. v. Hargrove, 26 S. W., 177; Western U. Tel. Co. v. Sorsby, 29 Texas Civ. App., 345; 4 Am. & Eng. Annotated Cases, 372; Hutchinson on Carriers, 470; Robinson v. Railway Co., 16 Fed., 57; 9 Fed., 129.

The evidence was sufficient to show a contract by the express company to ship the body. Barnes, Land & Weinberger v. Downes & Co., 2 App., C. C. (White & W.,) 472, sec. 526; Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 99 Texas, 347; 1 Parsons on Contracts, (7th ed.) 84; 1 Waite's Actions and Defenses, 216; Gulf, C. & S. F. Ry. Co. v. House & Watkins, 40 Texas Civ. App., 105; Gulf, C. & S. F. Ry. Co. v. Cunningham, 113 S. W., 771; Hull v. East Line Ry. Co., 66 Texas, 619; S. W. Telegraph & T. Co. v. Dale, 27 S. W., 1050.

*James L. Minns, W. R. Sawyer,* and *Spoonts, Thompson & Barwise,* for defendant in error.—It was not within the apparent or implied authority of Belden, appellant's Fort Worth agent, to make a contract binding on the Company for the payment of the undertaker's charges and of the transportation charges incident to the shipment of the dead body of Thomas Gathright, the shipment being one to be made from El Paso and not Fort Worth. M. K. & T. Ry. Co. v. Belcher, 88 Texas, 549; Railway Co. v. Dinwiddie, 51 S. W., 353; 21 Texas Civ. App., 344; G., C. & S. F. Ry. Co. v. Hodge, 30 S. W., 839, 10 Texas Civ. App., 543; G., C. & S. F. v. Jackson, 99 Texas, 347.

There was no testimony authorizing the Court to submit to the jury the question of the implied or ostensible authority of the Fort Worth agent, Belden, to make a contract with appellee by which appellant should pay the undertaker's charges at El Paso. H. & T. C. R. R. Co. v. Gilmore, 62 Texas, 392; T. & P. Ry. Co. v. Avery, 33 S. W., 705; W. U. Tel. Co. v. Drake, 29 S. W., 920; G., C. & S. F. Ry. Co. v. Jackson, 29 Texas Civ. App., 342.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The Court of Civil Appeals made the following statement of the case and finding of fact:

"Appellee sued for damages for failing to promptly ship the body of her deceased husband, claiming that appellant, through its agent at El Paso and Fort Worth, and in accordance with instructions from its agent at El Paso to its agent at Fort Worth to see appellee and arrange for the shipment of the corpse, contracted to promptly ship the said corpse from El Paso to Fort Worth upon a guarantee of payment at destination of the express and undertakers' charges by Leon Gross for Washer Brothers in her behalf. In accordance with the verdict of a jury judgment was entered for appellee."

"It could not be said, we think, from the testimony, that a contract was made by appellant to ship or undertake the shipment of the corpse C. O. D. the undertakers' charges at destination. And it follows that the assignments must be sustained. In the particular facts of the case it is shown that Thomas Gathright, the husband of appellee, died in El Paso, Texas, on December 7, 1907, in the forenoon, at a hotel, and the control of the corpse was turned over to a firm of undertakers by the hotel authorities. It appears that a member of the firm of undertakers had information that the wife of deceased resided in Fort Worth, and he went to the express office of appellant and told the express agent of the death and informed him that there were undertakers' charges against the body, and told him the amount of the charges, and asked him to have the agent at Fort Worth to arrange with appellee for the shipment of the corpse to Fort Worth. It appears that the undertakers were unwilling to deliver up the corpse or ship the same until their charges were satisfied or satisfactorily arranged for, and there was no tender or offer of the body by the undertakers at the time for shipment by appellant. Upon this request by and at the instance of the undertaker, the agent at El Paso at once wired the agent at Fort Worth, "See Mrs. Gathright 1300, Ninth street, arrange for shipment corpse Thomas Gathright, advise me by wire," Acting on the telegram and in behalf of appellee, Leon Gross, for Washer Brothers, agreed to guarantee the payment at destination of the charges necessary to have the remains shipped to Fort Worth, and so informed the agent at El Paso, and the said agent then sent a reply telegram to the agent at El Paso, "Forward corpse collect; charges guaranteed; advise if O. K." Neither appellee nor Gross nor the Fort Worth agent knew at the time of the message that there were undertakers' charges. The agent at El Paso, after receiving the reply telegram, notified the undertakers and told them it was a guarantee of express charges only, and the undertakers refused to let the body go until their charges were guaranteed or paid. Appellee did not know that the body was not shipped till the 9th of the month, when she got on the train and went to El Paso, paid the undertakers' charges and buried her husband there."

We are of the opinion that the evidence justified the finding of the Honorable Court of Civil Appeals that no contract was made. The agent at El Paso sent the telegram to the agent at Fort Worth by

request of the undertaker, for the purpose of informing Mrs. Gathright of the death of her husband, suggesting that she arrange for the shipment of the body. This was a purely gratuitous and personal act in which Crowson did not represent the express company. The agent at Fort Worth gave notice to Mrs. Gathright which was no part of his duty as agent.

The facts do not express the elements of a contract for the Company that it would pay the undertakers' charges and ship the body, but make the impression that the two agents were endeavoring to aid the woman to remove the body of her husband to Fort Worth.

If we grant that both agents intended to bind the Company to pay the undertakers' bill and ship the corpse, it would not have bound the Company, because neither of them had the authority to do so. The agent at Fort Worth could not make a contract for a shipment from El Paso. Missouri K. & T. Ry Co. v. Belcher, 88 Texas, 549.

The local agent's authority is confined to the business of his locality. If such agent make contracts for the transaction of business at other stations, confusion would soon prevail. To ship the body from El Paso involved the payment or assumption for the Company of the undertakers' charges, which neither agent had the power to do. It is true that a party guaranteed the payment at Fort Worth, but that was an agreement with the agent, and, if the contract resting upon that guaranty bound the Company to ship, it also bound it to collect the money from the guarantor and to pay it to the undertaker.

The rule of law which limits the authority of the agent to the scope of his employment is salutary and must be enforced by courts.

Mrs. Gathright having applied for a writ of error on the ground that the decision of the Court of Civil Appeals practically settles the case, we approve that decision, and it is ordered that judgment be entered for the Pacific Express Company.

*Affirmed and judgment rendered.*